IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JEAN FRANK PHILLIPS                                                                           PLAINTIFF

V.                                                                          CIVIL ACTION NO. 1:08CV291-B-D

LEGGETT & PLATT, INC.                                                                        DEFENDANT

## ORDER DENYING SUMMARY JUDGMENT

This cause comes before the court upon the defendant's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

The plaintiff, Jean Frank Phillips, alleges her employment was wrongfully terminated by the defendant, Leggett & Platt, Inc., on the basis of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA"). She also claims that the defendant subsequently discriminated against her on the basis of her age when it failed to hire her for a different position which was ultimately filled by a younger person.

The plaintiff began her employment with the defendant at its Tupelo, Mississippi, facility on September 23, 1983. She was responsible for accounts payable, workers compensation claims, group insurance issues, and other clerical work. In 2000 she was transferred to the defendant's Verona, Mississippi, facility and was put in charge of all accounts payable at that plant.

In June 2007 the defendant closed its Verona facility and consolidated that operation with its Houlka, Mississippi, operations. The defendant informed the plaintiff that she was being laid off effective July 30, 2007, as a result of the consolidation. She was sixty-six years old at the time. The defendant did not offer the plaintiff a position at the Houlka facility despite her

expressed desire for such a position.  Another employee, Cathy Gamble, who was in her forties at the time, was retained to perform the plaintiff's job following the consolidation.

The plaintiff was recalled to work on August 6, 2007 – only four business days after she was laid off.  She worked until January 2, 2008, at which time her employment with the defendant was finally terminated.  She filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 5, 2008.  She received a right-to-sue letter from the EEOC and filed the present action on December 16, 2008.

The defendant has moved for summary judgment and argues that the plaintiff's claims are procedurally barred because the plaintiff did not file her charge with the EEOC within 180 days of the date she was initially laid off – July 30, 2007.  The defendant further asserts that the plaintiff's claims fail on the merits.

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986).  Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274.  Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant.

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

The defendant asserts that the plaintiff's claims are procedurally barred because the plaintiff did not file a charge of discrimination with the EEOC within 180 days of her termination. The defendant cites *Lovett v. Barbour Int'l*, 211 Fed. Appx. 281, (5th Cir. 2006), an unpublished opinion in which the Fifth Circuit found that an employee's knowledge of his termination triggered the 180-day time limit for filing an EEOC charge even though the employee remained on the employer's payroll for an additional two weeks and that the time period was not equitably tolled because the court found, contrary to the employee's assertions, that the employer had not actively misled the employee about his claims. *Id.* at 283.

The present case is distinguishable from *Lovett* in that the *Lovett* plaintiff was never recalled to work and his termination was unequivocal. Further, the time period which created the alleged ambiguity in *Lovett* was only two weeks versus six months in this case. The plaintiff in the case at bar was recalled to work only four business days after her termination and worked for the defendant for another six months. The defendant directs the court to the plaintiff's deposition testimony in which the plaintiff states that she "knew the whole time that [she] was helping temporarily [and] that the job would play out" eventually. She further stated, "I didn't have to be told. I already knew that." The defendant contends that this testimony requires that the plaintiff be held to her initial lay off date of July 30, 2007, but the court is unpersuaded by the defendant's argument. This testimony simply sets forth the plaintiff's assumption regarding her recall. It does not establish the employer's intentions and in fact implies that the employer did *not* advise the plaintiff with regard to the length of her recall. The record before the court

reveals that the plaintiff was called back to work for an indeterminate period of time, and the court finds that the 180-day time limit did not begin to run until the plaintiff was finally terminated on January 2, 2008. The plaintiff's EEOC charge was therefore timely filed.

Assuming arguendo that the 180-day time limit did begin to run on July 30, 2007, the court further finds that the time period should be equitably tolled. "The 180-day period is subject to equitable tolling." *Lovett*, 211 Fed. Appx. at 283 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). A district court has certain equitable powers including the discretion to toll a statutory time period such as the one at issue here. *See generally Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002). This court chooses to exercise its equitable discretion to toll the 180-day time limit in the case sub judice. The court finds that it would be impracticable and inequitable if not absurd to expect the plaintiff to file her EEOC charge while she was continuing to work for the defendant for an indefinite period of time.

Having found that the case is not procedurally barred, the court finds that the defendant's summary judgment motion should be denied. The court finds genuine issues of material fact including, but not limited to, whether the plaintiff was terminated because of her age, whether the plaintiff was not rehired because of her age, and whether the plaintiff actually applied for a position with the defendant after her termination or whether she should have been required to do so in order to be considered for a permanent recall.

For the foregoing reasons, the court finds that the defendant's motion for summary judgment should be and the same is hereby **DENIED**.

This, the 15th day of March, 2010.

                                                 */s/ Neal Biggers*
                                                 **NEAL B. BIGGERS, JR.**
                                                 **SENIOR U.S. DISTRICT JUDGE**